Burks, J.,
delivered the opinion of the court.
The court is of opinion that the deed of conveyance, in the hill and proceedings mentioned, from Daniel Malone to the appellees, Robert G-. Malone and Ella V. Malone, if not made with actual intent of the parties to hinder, delay, and defraud creditors, was, at least, not upon consideration deemed valuable in law, and is therefore void as to the appellants and other creditors of the grantor, whose debts had been contracted and were in existence at the time said deed was made.
The conveyance is by an insolvent debtor to his children, made in his last illness and a few days only before his death. The circumstances attending the preparation and execution of the deed are in proof, and indicate very plainly that there was no valuable consideration for the conveyance.
It seems that the grantor had become aware of his insolvency and desired to secure to some of his creditors a preference in the payment of their debts. This he effected by a writing, which he caused to be prepared, empowering his son, Robert G. Malone, as his attorney in fact, to confess judgments in behalf of these creditors.
After this instrument had been executed, acknowledged and certified for recordation, provision was made for the children by the deed of conveyance aforesaid. The consideration expressed is one thousand dollars. The testimony of the witnesses present wh.en the deed was executed shows that this was not the true consideration, and that the grantor, in the perplexity of the situation, was influenced rather by *168 the promptings of paternal affection than hy the stern demands of justice and duty. If there had been any . consideration of value for the deed, then was the time to disclose it. He did not pretend that there was any; that he had received or was to receive any money or other thing from his children, or that he was indebted to them on any account and desired to pay them in land. On the contrary, after the power of attorney had been executed, and the business, which the witnesses Crawford and Tucker had been summoned to transact, had been concluded, his thoughts, in his distress, turning to his children, he inquired of Crawford if he did not think they should have something, remarking that they had been with him and had been dutiful children. Crawford gave an evasive reply, and proceeded to draw the deed as he was directed. When he reached that part of the deed where the consideration was to be expressed he inquired of the grantor what it should be. The reply was that it did not matter. Crawford suggested that it should be expressed to be for natural love and affection. Tucker remarked that it had better be a money consideration, and suggested $1,000 as the amount to be inserted, to which the grantor assented, saying that would do. It is quite obvious that but for the interposition of Tucker the consideration expressed would have been love and affection, and it would have been, no doubt, a truthful expression.
But, notwithstanding this proof, the appellees, Robert G-. Malone and Ella Y. Malone, in their answers to the bill, deny that the deed to them was either voluntary or made with intent to hinder, delay, and defraud their father’s creditors, and each claims that there was a valuable consideration for the conveyance.
The daughter says that her father at the date of the *169 deed was indebted to her for money lent by her at different times, the sums aggregating more than $500; and this was the consideration for the deed as far as she was concerned. ^
The son claims that the father was largely indebted to him for services rendered in attending to his farm and mills, and that the value of these services was the consideration for the deed as to him.
The averments of the particulars of consideration are not responsive to any allegations of the bill, and therefore not evidence for the respondents. They are of no force unless proved.
Ho proof was offered by the daughter in support of her answer. The only money her father owed to her was not money lent, but for a legacy left her by Isaiah G-oodwyn, of whose will her father was executor, and it was proved that after her father’s death she collected this legacy from his administrator.
There was some evidence adduced by the son in support of his claim. ' It appears that he and his wife and child and sister, all, lived with their father, and, it is to be inferred, were supported by him. Their board was certainly furnished by him. The son superintended the farm and mills of his father. His attention was given mostly to the mills, and his services would seem to have been rather in the capacity of manager than laborer. The work at the mills seems to have been done principally by a negro hireling under the direction of the son. These services continued for some two and a half years. Two witnesses, introduced by him, say that they think his services were worth from seventy-five dollars to one hundred dollars per month. On the other hand, two witnesses, examined by the complainants, estimate his services at about twenty-five dollars per month. One *170 of them says that the saw-mill did not run on an average more than one day in a week, and the estimate they make for the hoard about equals their estimate for the services. hTo contract between the father and son is proved, and no admission by the father of any indebtedness on his part to his son. Indeed, one of the witnesses for the defendants says that he did not think Robert G-. Malone was employed by his father at all— that he'worked as a son for his father—that if there was any bargain between them he knew nothing about it; and so said all the witnesses. There was no proof of any accounts kept or rendered, bonds or notes taken, demands made, settlements sought or had, or receipts or vouchers given or received.
Consider this proof in connection with what took place at the time the deed was made, and we are warranted in the conclusion that there was no contract or understanding between the father and son that the latter was to receive any more for his services than the support of himself and his family. In cases like the present, as stated in the opinion delivered during the present term in Hurshberger’s adm’r v. Alger & wife, where there is absence of direct proof of any express contract, the question always is, Can it be reasonably inferred that pecuniary compensation was in the view of the parties at the time the services were rendered ? and the solution of that question depends on a consideration of all the circumstances of the case, the relation between the parties being one of these circumstances. (See the authorities referred to in the case cited supra, p. 52.)
The reasonable inference from all the circumstances in this case would seem, to be, that it was never contemplated by the parties that the son should receive any other or further, compensation than the board and support of himself and his family; and if the ■ father had *171 been really indebted -to the son, as now claimed, and had intended to discharge that indebtedness, in whole or in part, by the deed which was made, it is almost certain that, in his condition, he would-not have left the matter in doubt, but would have plainly declared his purpose, if not 'on the face of the deed, at least in the presence of the witnesses at the time the deed was made.
The court is further of opinion that under the proofs in this cause the appellees, Robert H. Jones, Jr., and George S. Bernard, acquired no such title under the deed of September, 27, 1872, as protects the interest therein mentioned from the claims of the appellants and other creditors of Daniel Malone, deceased, whose debts existed at the date of the deed aforesaid to Robert G. Malone and Ella V. Malone.
Jones & Bernard are intelligent lawyers, and were of counsel for some of the parties in the suit, styled in the proceedings in this cause, Malone’s creditors v. Malone’s adm’r & others, and in that suit, if not by other means, must have learned that the estate of Daniel Malone vras insolvent, and that he was insolvent when he made the deed to his children. They were after-wards retained as counsel for these children to defend their interests in the suit instituted by John J. Crawford and G. W. Coker. These last-named parties were creditors of Daniel Malone, and the object of their suit was to set aside the deed from Daniel Malone to his children on the ground that it was voluntary and void as to the grantor’s creditors. The answers of the defendants were drawn hy these attorneys. The fee they were to receive for their services was contingent upon the success of the defence and was the sole consideration for the deed of September 27, 1872. They, moreover, admit in their answer that before they took the deed they had heard the opinion expressed that the deed .from Daniel Malone *172 to his children might be successfully attacked as in fraud of the creditors of said Daniel Malone.
It is not necessary to decide whether these facts and circumstances were sufficient to affect Jones & Bernard with notice of the true character of the last-mentioned deed; for, if not sufficient, it is still a question how far they’ can be treated as purchasers at all under the deed from their grantors. Have they ever acquired any vested interest under said deed ? The deed recites the consideration to be “pr°fessi°n£d services rendered and to be rendered to the parties of the first part (Robert G. Malone and Ella V. Malone) in defending a certain chancery’ suit now pending in the circuit court of Dinwiddie county, in which J. J. Crawford and O. W. Coker, who sue for, &c., are parties plaintiff,” and it is declared on the face of the deed that it “ is intended to pass no title whatsoever to said parties of the second part (R. II. Jones, Jr., and George S. Bernard) unless they succeed in establishing the title of said parties of the first part to the tract of land hereinbefore conveyed.”
This is a deed with a condition precedent. The title conveyed is not to vest unless and until the condition be performed. The condition is, that Jones & Bernard shall succeed in establishing the title of Robert G. Malone and Ella V. Malone to the tract of land conveyed to them by their father, Daniel Malone. Has the condition been performed ? Have Jones & Bernard succeeded in establishing the title referred to? "We think they have not.
The condition,it is admitted, must be construed with reference to the suit mentioned in the deed. The record of that suit is made a part of the record of this. Looking to it, we find it was what is familiarly known as a creditor’s suit; that is, a suit instituted by the complainants, Crawford and Coker, in their own names and on behalf of themselves and all- other creditors of Daniel Malone, der ceased, who might come in and contribute to the costs of *173 the suit. In that suit all the creditors of Daniel Malone might have become parties on the record either by petitions tiled for the purpose, or by an order directing an account of the debts of said decedent, and in either case they might have be.en bound by any decree made in the cause. It was, no doubt, supposed by Jones & Bernard, when they were retained, and also by their clients, that such was the nature of the suit and such would be the result, and hence the condition in the deed, that no title was to pass to them unless they succeeded in establishing the title of their grantors. The undertaking was substantially a defence of the title of Robert G-. Malone and Ella V. Malone against the assaults of any and all of the creditors of Daniel Malone, and the vesting of the title in Jones & Bernard was made to depend on the success of such defence. In no other way could the title of the Malones be said to be established as against the claims of the creditors. Crawford and Coker were bound by the decree rendered in the suit instituted by them. Ko other creditors were affected thereby. It could not be said of the other creditors, not parties to the suit, that the title had been established or pronounced valid as to them. On the contrary, the decision of this court is, that it is not valid as to them; and the title of the Malone’s failing, the title of their grantees under the conditional grant fails also.
The court is therefore of opinion that the decree of the circuit court of Dinwiddie county is erroneous and must be reversed, the deeds aforesaid be set aside, and the cause remanded for further proceedings to be had, in order to a final decree, in conformity with this opinion.
We will add that we are not to be understood as intending, by anything said in this opinion, to impugn the motives of Messrs. Jones & Bernard in taking the deed which they did from their grantors; and there is nothing *174 in tho conclusión'we have reached in this case that should affect injuriously the high character of these gentle- ■ men.
Anderson, J., dissented.
The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the argaments of counsel, is of opinion, for reasons stated in writing and filed with the record, that .the deed of conveyance, in the bill and proceedings mentioned, from Daniel Malone to the appellees, Robert G. Malone and Ella Y. Malone, if not made with actual intent of the parties thereto to hinder, delay, and defraud the creditors of the said Daniel Malone, was, at least, not upon consideration deemed valuable in law, and is therefore void as to the appellants and other creditors of the grantor, whose debts had been contracted and were in existence at the time said deed was executed.
The court is further of opinion that, under the proofs in this cause, the appellees, Robert H. Jones, Jr., and George S. Bernard, acquired no such title under the deed of September 27, 1872, also in the bill and proceedings mentioned, as protects the interests therein mentioned from the claims of the appellants and other creditors of the said Daniel Malone, whose debts existed at the date of the deed first aforesaid to the said Robert G. Malone and Ella Y. Malone.
The court is therefore of opinion that the said decree of the circuit court of Dinwiddie county is erroneous. The said circuit court, instead of dismissing the bill of the appellauts (complainants in said circuit court), should have set aside and annulled the deeds aforesaid, and after *175 ascertaining, by reference to a commissioner for the purpose, the debts of said Daniel Malone, deceased, and the priorities, if any, among them, (not including, however, among said debts the debts claimed by J. J. Crawford and C. W. Coker in the bill filed by them against R. G. Malone and others, set out in the record in this cause,) should have proceeded to subject the land conveyed by said deeds to the payment of said debts, observing priorities, if any. It is therefore decreed and ordered that the said decree . be reversed and annulled, and that the appellees, Robert G. Malone, Ella Y. Malone, Robert H. Jones, Jr., and George S. Bernard, pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here; and it is further decreed and ordered that this cause be remanded to the said circuit court of Dinwiddie county, with directions to said circuit court to set aside and annul the two several deeds aforesaid, and further to proceed, in order to final decree, in conformity with the opinion and principles hereinbefore expressed and declared; all of which is ordered to be certified to the said circuit court.
Decree reversed.